Wayne **PADGETT**, Petitioner,

v.

Raymond **GRAHAM**, District Judge, Tulsa County, Oklahoma, Respondent.

No. P–73–427.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1973.

ORDER DENYING ISSUANCE OF WRIT OF PROHIBITION, MANDAMUS AND/OR HABEAS CORPUS

On this 11th day of December, 1973, the above styled and numbered case comes on for hearing pursuant to order entered December 5, 1973, the petitioner appearing

by his attorney of record, Mr. Paul E. Garrison, 300 Pythian Building, Tulsa, Oklahoma, and the respondent, The Honorable Raymond Graham, District Judge, appearing by the Office of the Attorney General of the State of Oklahoma, and the Office of the District Attorney of Tulsa County, Oklahoma. Both parties announce ready.

Whereupon, the Court announces that it assumes original jurisdiction herein, and proceeds with the hearing, permits the agreeable introduction of a properly certified Transcript of Proceedings held before respondent on December 4, 1973, in re: Grand Jury, No. C–73–2128 in Tulsa County, Oklahoma, hears statements and arguments of respective counsel, and having considered the same and the authorities cited, finds, under the provisions of Article 2, Section 27 of the Constitution of the State of Oklahoma, as amended in 1971, which provides, in part, as follows:

> "Any person having knowledge or possession of facts that tend to establish the guilt of any other person or corporation under the laws of the State shall not be excused from giving testimony or producing evidence, when legally called upon so to do, on the ground that it may tend to incriminate him under the laws of the State; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence. * * * "

A witness duly sworn but claiming under the Fifth Amendment, may be cited for direct contempt of court for refusal to testify before a Grand Jury after having been directed to do so by the District Judge presiding over the Grand Jury who has first proceeded in substantial compliance with the procedural rules set forth in Layman v. Webb, Okl.Cr., 350 P.2d 323, 331, 332, and the court has jurisdiction so to do without the state offering any evidence or the court making any determination or finding that said witness has knowledge or possession of facts that tend to establish the guilt of any other person or corporation under the laws of the State of Oklahoma. No such predicate is required to give the court jurisdiction to adjudge such direct contempt.

Although this finding and ruling is in direct conflict with that made in the order of this Court on November 30, 1973, in Case No. H–73–417, it expresses the true interpretation of Article 2, Section 27, as amended, and the intent of the people of the state in its adoption in 1971, and it is in harmony with the views of this Court as expressed in Pate v. State, Okl.Cr., 429 P. 2d 542 (June 14, 1967), handed down prior to the amendment of said section. Accordingly, the order of this Court in Case No. H–73–417 is hereby expressly overruled.

Having ruled thus herein, the competency of the evidence before Judge Graham on December 4, 1973, and as shown in the Transcript referred to is no longer of any concern and requires no adjudication.

All relief sought in the petition herein should be denied. Neither writ prayed for shall issue.

It is, therefore, ordered, adjudged and decreed that the Writs prayed for herein, and each of them, be, and they are, hereby, denied.

It is further ordered that petitioner herein appear before the District Court of Tulsa County, Oklahoma, in accordance with the conditions expressed in his present bond and there to abide the orders of the court.